UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| MICHELLE MAINA, | |
|---|---|
| Plaintiff, | |
| -against- | 23-CV-10783 (LTS) |
| SOMERSET COUNTY JAIL, ET AL., | TRANSFER ORDER |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently resides in Middlesex County, New Jersey, brings this *pro se* action under 42 U.S.C. § 1983. On January 24, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis*.[1] In the amended complaint, Plaintiff alleges that Defendants violated her rights when she was detained on Rikers Island and at Woodhull Hospital ("Woodhull") and One Brooklyn Health Interfaith Hospital ("OBH Interfaith"), both of which are hospitals located in Brooklyn, Kings County, New York. Named as Defendants are the Rose M. Singer Center on

---

[1] By order dated February 5, 2024, the Court severed Plaintiff's claims arising in New Jersey against defendants located in New Jersey, transferred those severed claims to the United States District Court for the District of New Jersey, and granted Plaintiff 60 days' leave to file an amended complaint with respect to her claims arising in the Southern District of New York. (ECF 6.) Plaintiff did not file an amended complaint, and by order dated April 23, 2024, the Court dismissed the complaint for failure to state a claim on which relief may be granted. (ECF 11.) Judgment was entered on the same day. (ECF 12.)

On May 16, 2024, Plaintiff filed a letter seeking an extension of time to file an amended complaint. (ECF 13.) By order dated May 20, 2024, the Court granted Plaintiff's request and directed her to file an amended complaint within 30 days. (ECF 14.) By order dated July 3, 2024, the Court granted Plaintiff's request for an additional 30 days to file an amended complaint. (ECF 16.)

Plaintiff filed an amended complaint on August 3, 2024. Because Plaintiff filed an amended complaint as permitted by the Court's July 30, 2024 order, by order dated September 19, 2024, the Court directed the Cler k of Court to vacate the April 23, 2024 order of dismissal (ECF 11) and civil judgment (ECF 12), and to reopen this action for further proceedings. (ECF 18.) The amended complaint is the operative pleading.

Rikers Island, "NYC Health Hospitals @ Riker's Island," OBH Interfaith, and "NYC Health Hospitals @ Woodhull Hospital." (ECF 17, at 1, 4-5.) For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff asserts that the alleged events giving rise to her claims in the amended complaint occurred at Rikers Island, Woodhull, and OBH Interfaith. Plaintiff provides Brooklyn, Kings County, addresses for OBH Interfaith and Woodhull. Kings County is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Rikers Island is located within the waters of Bronx County, New York, which is considered to be in both the Southern District and Eastern District for venue purposes. *See id.* (the Eastern District comprises "concurrently with the Southern District, the waters within the counties of Bronx and New York").

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the

convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred at OBH Interfaith, Woodhull, and Rikers Island, all of which are located within the Eastern District of New York. It is also reasonable to expect that the relevant documents and witnesses would also be located in the Eastern District of New York. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 20, 2024
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge